Hon. Robert P. Whalen Commissioner Department of Health
This is in reply to your letter wherein you request my opinion as to whether you, as Commissioner of Health, may discover the records of county medical society or hospital review committees.
Section 206 of the Public Health Law provides as follows:
"1. The commissioner shall:
 (a) take cognizance of the interests of health and life of the people of the state, and of all matters pertaining thereto and exercise the functions, powers and duties of the department prescribed by law;"
* * *
"4. The commissioner may:
 (a) issue subpoenas, compel the attendance of witnesses and compel them to testify in any matter or proceeding before him * * *"
Similarly, section 12-a of the Public Health Law provides:
 "1. The commissioner, or any person designated by him for this purpose, may issue subpoenas and administer oaths in connection with any investigation under or pursuant to this chapter * * *"
Pursuant to Public Health Law, Article 2, Title II-A, the state board for professional misconduct, the members of which are appointed by the Commissioner of Health, "shall conduct disciplinary proceedings as prescribed in this section and shall assist in other professional conduct matters as prescribed by the commissioner." Public Health Law §230.7.
Thus, the Public Health Law expressly provides the Commissioner of Health with subpoena powers in furtherance of the public duties and responsibilities imposed upon him by law. These powers apply to his duty with regard to the review and regulation of professional conduct.
The provisions of Education Law § 6527 do not diminish the power of the Commissioner of Health with regard to discovery in proceedings conducted pursuant to the Public Health Law. Section 6527 (3) of the Education Law provides as follows:
 "Neither the proceedings nor the records relating to performance of a medical review function shall be subject to disclosure under article thirty-one of the civil practice law and rules except as hereinafter provided. No person in attendance at a meeting when a medical review function described herein was performed shall be required to testify as to what transpired thereat. The prohibition relating to discovery of testimony shall not apply to the statements made by any person in attendance at such a meeting who is a party to an action or proceeding the subject of which was reviewed at such meeting." (Emphasis added.)
Although I do not find judicial decisions addressing themselves to this precise question, it appears that the disclosure privilege in Education Law § 6527 applies only to discovery sought in a judicial action or proceeding pursuant to the CPLR and was not intended to prevent discovery by the Commissioner of Health using his subpoena power under the provisions of the Public Health Law.
Therefore, it is my opinion that the Commissioner of Health, in view of his responsibilities and powers under Public Health Law §§ 12-a and206 and Article 2, Title II-A (§ 230), cannot be precluded by section6527 of the Education Law from discovering the records of the county medical society or hospital peer review committees.